IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD L. WRIGHT,                )
                                 )
        Plaintiff,                )
                                 )
    v.                           )
                                 )  Civil Action No. 10-942
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
        Defendant.               )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 13th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed an application for SSI on December 21, 2006, alleging he was disabled since May 1, 2001, due to neck and back problems, diabetes and depression. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on November 18, 2008, at which plaintiff appeared represented by counsel. On December 18, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 9, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff, who has an eighth grade education, has no past relevant work experience and has not engaged in substantial gainful activity at any time since filing his SSI application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the

meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of cervical neuropathy, depression, diabetes and a heart impairment, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is precluded from climbing, balancing, crouching, kneeling, operating foot controls and reaching overhead. In addition, plaintiff is limited to simple, repetitive work (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable him to perform work that exists in significant numbers in the national economy, such as a cleaner, dishwasher, handpacker, alarm monitor, telemarketer and packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

%AO 72
(Rev. 8/82)

of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain

demands of jobs, such as physical, mental, sensory and other requirements. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he failed to properly consider certain medical evidence from Dr. John Schibli and he did not properly evaluate plaintiff's credibility. For reasons explained below, these arguments are without merit.

In April 2007, Dr. Schibli performed a consultative examination of plaintiff and completed a form entitled "Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities." Dr. Schibli indicated on the Medical Source Statement that plaintiff had no limitations in standing and walking, that he could sit eight hours during the work day with an alternative sit/stand option, that he had no limitations pushing and pulling, that he could frequently lift and carry 10 pounds and he could occasionally perform postural maneuvers. (R. 266-67). Dr. Schibli's assessment of plaintiff's ability to perform work-related physical activities was based on his clinical findings described in the written report of his consultative examination. (R. 280-84).

The ALJ fully discussed Dr. Schibli's findings described in the written examination report and his assessment of plaintiff's physical capabilities set forth on the Medical Source Statement. (R. 52-53). After doing so, the ALJ determined that Dr. Schibli's opinion of plaintiff's physical capabilities was entitled to partial weight because the 10 pound lifting and carrying

restriction was inconsistent with plaintiff's activities of daily living, normal EMG test results of his upper extremities and Dr. Schibli's own finding that plaintiff had good range of motion in his cervical spine. (R. 53). The court finds the ALJ fully considered Dr. Schibli's opinion of plaintiff's ability to perform work-related physical activities and properly explained why he afforded that opinion partial weight. See 20 C.F.R. §416.927(d)(2) (stating that a treating source's opinion is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record).

Plaintiff contends, however, that the ALJ did not properly consider Dr. Schibli's assessment on a subsequent Medical Source Statement form dated November 18, 2008, that he must lie down three or four times per day for 30 minutes each time. (R. 155). Contrary to plaintiff's position, the ALJ did not err in disregarding Dr. Schibli's subsequent assessment because he cited no medical findings to explain why plaintiff allegedly needed to lie down throughout the workday, and the record is devoid of evidence that would support such a restriction. For this reason, as well as those discussed above, the ALJ did not err in his consideration of Dr. Schibli's opinion or his decision that it was not entitled to controlling weight.

Plaintiff next argues that the ALJ erred in evaluating his credibility concerning his subjective complaints. A claimant's

complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); <u>Hartranft v. Apfel</u>, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found his testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and opinion evidence by physicians who treated and examined him. See 20 C.F.R. §§416.929(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 50). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 50-53), and is satisfied that such

determination is supported by substantial evidence.

Finally, in connection with his credibility argument, plaintiff contends the ALJ improperly considered what he characterizes as his sporadic activities of daily living in evaluating his credibility. While it is well established that sporadic or transitory activity does not disprove disability, see Smith v. Califano, 637 F.2d 968, 971-72 (3d Cir. 1981), the ALJ did not solely judge plaintiff's credibility based on his activities of daily living, which cannot be characterized as sporadic in any event.[1] To the contrary, the ALJ properly considered plaintiff's activities of daily living, as one factor in conjunction with the others factors mentioned herein, to assess his credibility, which he is permitted to do in accordance with 20 C.F.R. §404.1529. As stated above, the ALJ's credibility finding is supported by substantial evidence. Accordingly, plaintiff's argument regarding the ALJ's consideration of his activities of daily living lacks merit.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

---

[1]Plaintiff engaged in a wide variety of activities of daily living, including caring for his own personal needs, cooking, washing dishes, doing laundry, performing household chores, mowing the lawn, reading the newspaper and watching television. (R. 17, 126, 128).

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc: Terry K. Wheeler, Esq.
    56 Clinton Street
    Greenville, PA 16125

    Christy Wiegand
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219